# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR31 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| EZEQUIEL JACINTO, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"). The government has adopted the PSR. (Filing No. 21.) *See* Order on Sentencing Schedule, ¶ 6. The Defendant has not complied with ¶ 6 of the Order on Sentencing Schedule as that paragraph relates to the filing of a statement of position and outstanding objections to the PSR. Therefore, the Defendant's objections referred to in the Addendum to the PSR will be only briefly addressed.[1] The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

It should be noted that the Defendant pleaded guilty to a one-count Indictment charging him with possession of an unregistered firearm. There was no plea agreement. The Defendant did not submit his own version of the offense. (PSR, ¶ 9.)

At the time of the issuance of the Revised PSR, the Defendant objected as follows to the PSR:

---

[1]It is the Court's opinion that, absent compliance with this district's sentencing procedures set out in the Order on Sentencing Schedule (Filing No. 20) and NECrimR 32.1, objections previously presented to the probation officer may be deemed waived, although they appear in the Addendum to the PSR. Nevertheless, in its discretion the Court may address such objections.

1.   ¶¶20-23 - application of U.S.S.G. § 2K2.1 as it relates to the base offense level and to the enhancement pursuant to § 2K2.1(b)(3)(B) (a sawed-off shotgun as a "destructive device"). The objection is based on the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and *Blakely v. Washington,* 124 S. Ct. 2531 (2004). The Court notes the more recent decision of *United States v. Booker,* 125 S. Ct. 738 (2005). With respect to ¶¶ 20-22 (base offense level), the objection is denied. With respect to ¶ 23, the objection will be heard at sentencing. The government bears the burden of proof by a preponderance of the evidence.

2.   ¶¶ 23, 40, 41 - contention that prior convictions should be subject to the *Apprendi* rule. The Court sees no relationship between ¶ 23 (enhancement for a destructive device) and the argument as summarized in the Addendum. With respect to ¶¶ 40 and 41, defense counsel relies on non-majority Supreme Court opinions, and the argument raised simply is not sanctioned under current law. The objection is denied.

3.   ¶¶ 33-46 - despite counsel's characterization of the argument, this is a "blanket" objection to all criminal history points based on ¶¶ 1 and 2 "herein." Absent compliance with ¶ 6 of the Order on Sentencing Schedule, which requires that the objecting party set out the basis of an objection, and with only a reference to ¶¶ 1 and 2 of a document not before the Court as support for the argument referred to, the Court is unable to ascertain the basis of the objection. The objection is denied.

2

4.     ¶¶ 67, 68 - the imposition of a supervised release term, based on *Booker*. *Booker* and its progeny do not support the Defendant's argument. The objection is denied.

5.     ¶¶ 20, 24 - contention that base offense level "over-represents" the offense conduct (¶ 20), and U.S.S.G. § 2X4.1 (misprision of a felony) should be used; failure to include a mitigating role adjustment (¶ 24). The Court does not have the benefit of compliance with ¶ 6 of the Order on Sentencing Schedule in order to evaluate the merits of the objection. The objection is denied.

IT IS ORDERED:

1.     The Defendant's Objection to ¶ 23 of the PSR will be heard at sentencing;

2.     Otherwise, the Court's Tentative Findings are that the Defendant's Objections to the Presentence Investigation Report (Addendum) are denied;

3.     Other than ¶ 23, the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.     If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3

5.      Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 6th day of June, 2005.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge